IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA T. BAILEY and SCOTT E. BAILEY, husband and wife, | ) )  Civil Action No. 10 - 520 |
| Plaintiffs, | )  Magistrate Judge Lisa Pupo Lenihan |
| v. | )  ECF No. 4 |
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, | ) |
| Defendant. | ) |

## OPINION

Lenihan, MJ

Currently before the court is motion to dismiss by Nationwide Affinity Insurance Company of America ("Nationwide") pursuant to Rule 12(b)(6) ECF. No. 4. The disputes in this case involve an automobile insurance policy owned by Plaintiffs. Plaintiffs' complaint sets forth three counts. Count I is an action for declaratory judgment, Count II alleges unfair trade practices and Count III alleges bad faith. Defendant's motion requests a dismissal of Count II wherein plaintiffs assert a cause of action for an alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1 *et seq.*, specifically 73 P.S. § 201-2(4)(xxi).

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts in this case are taken as alleged in Plaintiffs' complaint and accepted as true, including all reasonable inferences that can be drawn therefrom.

Plaintiffs, Tina T. Bailey and Scott E. Bailey (hereinafter "Plaintiffs") are husband and wife and reside at 184 Shoaf Street, West Deer Township, PA 15084. The Defendant, Nationwide Affinity Insurance Company (hereinafter "Defendant") is a foreign corporation with a principal office address at One Nationwide Plaza, Columbus OH 43215-2220.

On or about October 12, 2008, Plaintiff Tina T. Bailey was struck by an all-terrain vehicle ("ATV") and severely injured while walking on a public road. The ATV was driven by Jason D. Scully, who was operating the vehicle without liability insurance. Plaintiffs filed suit against Mr. Scully seeking damages from the accident. Plaintiffs were and are insured by Defendant under automobile policy 54 37 D 928131 (hereinafter "the Policy") which includes uninsured motorist coverage. Plaintiffs notified Defendant of their claim, and the claim was denied by Defendant.

Plaintiffs assert a claim that Defendant violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law because the language in the Policy is ambiguous, the Defendant drafted the terms of the Policy to include such ambiguities and Defendant sought to use such ambiguities to deny coverage to the Plaintiffs. Therefore, Plaintiffs assert, this constitutes deceptive conduct which creates a likelihood of confusion or misunderstanding, which is defined as unfair or deceptive under the UTPCPL. Plaintiffs request the court to enter judgment in their favor against Defendant in the amount of any unsatisfied judgment that may be entered against Mr. Scully in the underlying action, plus any additional actual damages, plus treble damages, costs, reasonable attorneys fees, and such other relief as the Court may deem appropriate.

The case was removed from the Court of Common Pleas of Allegheny County, and both parties consented to the jurisdiction of a Magistrate Judge. Defendant, in response to Plaintiff's complaint, filed a Rule 12(b)(6) motion to dismiss Count II of the complaint, the Unfair Trade Practices violation, and a brief in support. Plaintiff filed a response, but did not file a brief, to Defendant's motion to dismiss Count II of the complaint.

## II. STANDARD OF REVIEW

As this federal court is asserting diversity jurisdiction, the case must be adjudicated in accordance with applicable state law. *Erie Railroad v. Tompkins,* 304 U.S. 64, 78 (1938). The parties do not dispute that Pennsylvania law controls the substance of this action. Federal law governs this case procedurally. *Hanna v. Plumer,* 380 U.S. 460, 473-74 (1965).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A

complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (May 18, 2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals expounded on this standard in its decision in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*.

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly*, 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler*, 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate

3

that the plaintiff has a "plausible claim for relief." *Id.* at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id.* (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, its attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint may also be weighed if the plaintiff's claims are based upon those documents. *Id.* (citations omitted). A district court may consult those documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. ANALYSIS

Nationwide moves this court to dismiss Count II of Plaintiffs' complaint stating a claim under the UTPCPL because the claim is based on Nationwide's mere failure to pay a claim, which is an act of nonfeasance, and therefore not actionable under the statute. Plaintiffs state that they have alleged actionable acts of misfeasance and therefore dismissal of Count II would be improper.

The purpose of the UTPCPL is to protect consumers from "fraud and unfair or deceptive business practices." *Commonwealth ex rel. Corbett v. People's Benefit Svcs., Inc.*, 923 A.2d 1230, 1236 (Pa.Commw. 2007) (citing *Commonwealth by Creamer v. Monumental Properties, Inc.*, 329 A.2d 812 (Pa. 1974). The UTPCPL contains specific provisions identifying certain practices as "unfair or deceptive acts or practices," including "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. §§ 201-2(4), 201-2(4)(xxi).

4

Under the act, an insurance provider can be held liable because it offers insurance, which is a service for sale. § 201-2.3. The UTPCPL provides a private cause of action to any person who purchases or leases goods or services primarily for personal, family or household purposes to recover damages resulting from acts or practices declared unlawful by the act. § 201-9.2(a). Section two of the act defines the various deceptive and unlawful practices including a catch-all provision, which prohibits engaging in any other fraudulent or deceptive conduct that creates the likelihood of confusion or of misunderstanding. § 201-2(4)(xxi). Plaintiffs' UTPCPL claim is brought under the catch-all provision.

In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the UTPCPL, and an insurer's refusal to pay a claim, which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable. Horowitz v. Fed. Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995)(citing Gordon v. Pa. Blue Shield, 548 A.2d 600, 604 (Pa. Super. Ct. 1988). In Horowitz, the court of appeals found that a letter sent by an insurance agency to the plaintiff in which it refused the plaintiff's claim and included reasons for denying payment, constituted nonfeasance. Id. at 307. Similarly in Gordon, the Pennsylvania Supreme Court held that the mere failure of the insurance company to take certain actions regarding the payment of the plaintiff's claim amounted to nonfeasance because it was merely the omitting to do, or not doing something which ought to be done. 548 A.2d at 604.

In this case, Defendant contends that Plaintiffs failed to provide factual allegations that would demonstrate more than a sheer possibility that Defendant acted unlawfully; therefore, failing the requirements set out in Twombly. 550 U.S. at 556. Defendant avers that Plaintiffs' claim, which asserts, "*to the extent* that the language in the Policy is ambiguous, and *to the extent* that Defendant drafted the terms of the Policy to include any such ambiguities and now seeks to use any such

ambiguities to deny coverage to the Plaintiffs, this constitutes deceptive conduct" is couched in conditional language which amounts to mere possibilities of improper conduct. Because Plaintiffs fail to show factual allegations that entitle them to relief under the catch-all provision of the UTPCPL, Defendant asserts that the complaint avers nothing more than a refusal to pay Plaintiffs' uninsured motorist claim under the Policy, which does not amount to malfeasance under the UTPCPL. Horowitz, 57 F.3d at 307.

Plaintiffs argue that the cause of action under the UTPCPL arises from the unfair methods of competition and unfair or deceptive acts or practices in connection with the sale of the Policy to Plaintiffs. The allegations contained in this complaint could concevievably be asserted in any claim involving a denial of insurance coverage. There is no claim, for example, that Plaintiffs were misled by false advertising or false statements of the insurance agent, into purchasing the policy. In addition, the allegations set forth by Plaintiffs in the Complaint are inconsistent. In paragraphs twenty-three and twenty-four Plaintiffs state that the language of the Policy is clear and gives a reasonable insured person reason to believe that the coverage in the Policy applies to ATVs and other such vehicles when such are operated on public roads. Conversely, in paragraph thirty-five, Plaintiffs aver that to the extent that the language in the Policy is ambiguous, and to the extent that Defendant drafted the terms of the Policy to include any such ambiguities and now seeks to use any such ambiguities to deny coverage to Plaintiffs, this constitutes deceptive conduct under the catch-all provision of the UTPCPL. It is unclear whether Plaintiffs are asserting that the Policy language on pages D1 and U1 is clear or ambiguous.

The type of malfeasance alleged by Plaintiffs in the Complaint deals with deceptive conduct that is more global in nature and has broader implications than Plaintiffs' individual claim. In order for Plaintiffs to survive a motion to dismiss under Twombly, they need to assert facts in the

6

complaint that plausibly suggest Defendant made the intentional deceptive decision to draft and include ambiguous language on page D1 in order to deny all coverage for ATVs and other such vehicles when they are operated on public roads under the uninsured motorist section on page U1. 550 U.S. at 556-57. The facts alleged would need to give rise to the plausibility that Defendant never intended to pay any uninsured motorist claim despite the language in the Policy. There are no facts claimed by Plaintiffs in the complaint that satisfy this requirement under Twombly. Id. And the court is at a loss to even determine that such facts could ethically be asserted. The language in paragraph thirty-five of the Complaint only suggests the mere possibility that Defendant acted deceptively by stating that, *"to the extent* that the language in the Policy is ambiguous, and *to the extent* that Defendant drafted the terms of the Policy to include any such ambiguities and now seeks to use any such ambiguities to deny coverage to the Plaintiffs."

In addition, to bring a private cause of action under the UTPCPL, a plaintiff must assert factual allegations that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of the reliance. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221-24 (3d Cir. 2008). In Weinberg v. Sun Co. Inc., the Pennsylvania Supreme Court determined that the UTPCPL clearly requires, in a private action, that a plaintiff suffer an ascertainable loss as a result of the defendant's prohibited action. 777 A.2d 442, 446 (Pa. 2001). In order to sustain a successful claim under the UTPCPL, the court held that the plaintiffs needed to establish not only that they purchased the defendant's product because they heard and believed defendant's false advertising that the product would enhance engine performance, but that the vehicle they drove would not benefit from the product, and therefore they suffered an ascertainable loss. Id. The court in Weinberg further elaborated that nothing in the legislative history suggests that the Pennsylvania legislature ever intended statutory language directed against consumer fraud to do away with the traditional

7

common law elements of reliance and causation. Id. Therefore, the court held that a plaintiff bringing an action under the UTPCPL must prove the common law fraud elements of reliance and causation with respect to all subsections of the UTPCPL. Id.; Yocca v. Pittsburgh Steeler Sports, Inc., 854 A.2d 425, 438-39 (Pa. 2004)(plaintiffs did not justifiably rely on any representations made by the defendants before the parties entered into a contract because by signing the contract, which contained an integration clause stating that the terms of the agreement superceded all of the parties' previous representations and agreements, plaintiffs explicitly disclaimed reliance on any such representations); Toy v. Metro. Life Ins.Co., 928 A.2d 186, 203 (Pa. 2007)(plaintiff whose UTPCPL claims set forth a fraud in the execution of a contract claim is not precluded as a matter of law from establishing the element of justifiable reliance).

Most recently in this district, Judge Ambrose dismissed a plaintiff's UTPCPL claim because he failed to identify any misrepresentations made by the insurance company which may have induced any justifiable reliance, or to whom the alleged misrepresentations were made. Lombardi v. Allstate Ins. Co., No. Civ. A. 08-949, 2009 W.L. 1811540, at *6-7 (W.D.Pa., June 23, 2009).

In the case at hand, Defendant avers in its motion to dismiss Count II that even if the Court assumes Plaintiffs' Complaint sufficiently alleges malfeasance by Defendant, Plaintiffs must demonstrate that they justifiably relied upon that wrongful conduct. In support of its position, Defendant cites to Hunt v. U.S. Tobacco Co., 538 F.3d at 221-24, Lombardi v. Allstate Ins. Co., 2009 W.L. 1811540, at *6-7, and Yocca v. Pittsburgh Steeler Sports Inc., 854 A.2d 438-39. Defendant alleges that Plaintiffs' Complaint is devoid of any assertions that they relied upon any language in the Policy, causing them to purchase the Policy. Because Plaintiffs failed to aver justifiable reliance upon Defendant's allegedly improper conduct, Defendant argues that Plaintiffs' UTPCPL claim fails as a matter of law.

In the response to Defendant's motion to dismiss Count II of the complaint, Plaintiffs alleged that justifiable reliance is not an element of an action under the UTPCPL. However, Plaintiffs failed to offer any cases in support of their assertion.

In the present case, Plaintiffs have failed to show justifiable reliance on the alleged improper conduct by Defendant. In the Complaint, Plaintiffs did not assert factual allegations that they relied on false or misleading representations made by Defendant regarding the coverage of ATV vehicles under the Policy, which induced them to purchase the Policy, and as a result suffered an ascertainable loss. Weinberg, 777 A.2d at 446. Therefore, without alleging facts which would give rise to a plausible claim of justifiable reliance under the catch-all provision of the UTPCPL, the motion to dismiss Count II should be granted. Hunt, 538 F.3d at 221-24; Twombly, 550 U.S. at 556.

## IV. CONCLUSION

Therefore, because Plaintiffs failed to assert facts in the Complaint which give rise to the plausibility that Defendant's conduct constituted malfeasance under the catch-all provision of the UTPCPL, and because they ahve not pled justifiable reliance and loss, the motion to dismiss Count II of the complaint will be granted. Id.; Horowitz, 57 F.3d at 307. An appropriate order will follow.

Dated: August 9, 2010

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record.